Filed 11/12/15  P. v. Phoenix CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B263259 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA061023) |
| v. | |
| PETER JOSEPH PHOENIX, | |
| Defendant and Appellant. | |

THE COURT:[*]

Peter Joseph Phoenix aka Peter Miller (defendant) appeals from an order denying his petition for resentencing pursuant to Proposition 47 (Pen. Code, § 1170.18).[1]  In May 2006, defendant was convicted of four counts of first degree residential burglary with a person present (§ 459), with enhancements for elder victimization (§ 667.9, subd. (a).)  Defendant had suffered eight prior convictions pursuant to section 667, subdivision (a)(1), and was sentenced to 25 years to life in state prison.

---

[*]    ASHMANN-GERST, Acting P.J.,      CHAVEZ, J.,      HOFFSTADT, J.

[1]    All further references to statutes are to the Penal Code, unless stated otherwise.

On February 5, 2015, defendant filed a petition for resentencing pursuant to Proposition 47. Defendant alleged that he was eligible for resentencing because the value of loss for each offense did not exceed the statutory minimum.

On February 11, 2015, the trial court denied defendant's petition finding him ineligible for resentencing because his convictions were for residential burglary with a person present.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. We offered defendant an opportunity to file a personal supplemental brief, which he has done.

Proposition 47, embodied, in part, in section 1170.18, provides, as is pertinent here, "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Sections 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." None of those sections apply to the crime of first degree burglary, therefore, defendant is not eligible for resentencing.

In his brief, defendant asserts (1) that "the Penal Code Sections listed in Proposition 47 are not the exclusive statutes which are potentially affected by the change in the law," and (2) the newly amended section 490.2 sets a $950 minimum value for "any other provision of law defining grand theft," which he contends includes section 459.

We reject both arguments. Contrary to what defendant asserts, the list of offenses that Proposition 47 authorizes for recall and resentencing is an exhaustive list, and not one we may amend. (*People v. Page* (Oct. 23, 2015, E062760) __ Cal.App.4th __, [2015 Cal.App.LEXIS 933, at 5-6].) Moreover, section 490.2 by its plain language redesignates as misdemeanors any convictions under section 487 or "any other provision of law defining *grand theft*" if "the value of the . . . property taken does not exceed" $950.

(§ 490.2, italics added.)  However, first-degree residential burglary is a "burglary" offense (§ 459), not a "grand theft" offense.  To be sure, Proposition 47 also created section 459.5 to redesignate certain burglary offenses as misdemeanors, but section 459.5 does so by creating a new crime of "shoplifting" that encompasses "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property taken or intended to be taken does not exceed" $950.  (§ 459.5.)  But defendant's entry into a *residence* does not qualify as "shoplifting," and thus does not qualify for redesignation under Proposition 47.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

3